IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

YOISDEL ELIAS PEREZ, §
§
§
§
*Petitioner*, §
§
v. §
§
§
WARDEN, IAH Secure Adult Detention §
Facility, in his Official Capacity; BRET §
BRADFORD, Field Office Director, Houston § CIVIL ACTION NO. 9:26-CV-00446
Field Office of US. Immigration and Customs § JUDGE MICHAEL J. TRUNCALE
Enforcement, in his Official Capacity; §
MARKWAYNE MULLIN, Secretary of the §
United States Department of Homeland Security, §
in his Official Capacity; JOSEPH B. EDLOW, §
Director of U.S. Citizenship and Immigration §
Services, in his Official Capacity, §
§
§
*Respondents*. §
§

## ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is Petitioner Yoisdel Elias Perez (Perez)'s Second Amended Petition for Writ of Habeas Corpus. [Dkt. 3]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Perez is a Cuban national who entered the United States in 2024 and was detained by immigration authorities in 2025. [Dkt. 3]. An immigration judge ordered Perez's removal to Cuba on February 18, 2026. [Dkt. 3 at ¶ 22]. On July 2, 2026, Perez brought a habeas corpus petition, claiming that his detention violates federal law. *Id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

1

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Post-Removal Detention

Because Perez has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention is presumptively valid when fewer than six months have elapsed since the issuance of the detainee's final removal order. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). Perez's Petition indicates that he was ordered removed on February 18, 2026, fewer than six months ago. *See* [Dkt. 1]. Accordingly, his challenge is premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

### IV. CONCLUSION

It is therefore **ORDERED** that Perez's Second Amended Petition for Writ of Habeas Corpus [Dkt. 3] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of August, 2026.**

Michael J. Truncale
United States District Judge

2